# EXHIBIT B

## Complaint To Trans Union LLC

## COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| **NORFOLK, SS** | **DISTRICT COURT DIVISION** |
| | **DEDHAM DISTRICT COURT** |
| | **CA# 2454 CV00603** |

**DONALD L BROWN**     )
         )
      **Plaintiff**    )
         )
**V.**          )
         )
**TRANSUNION, LLC**   )
**JOHN DOES 1 THROUGH 5**  )
**JANE DOES 6 THROUGH 10**  )

## COMPLAINT

## JURISDICTION

1. The plaintiff, Donald L Brown, (Hereinafter "Brown") at all times relevant hereto, was a resident of 95 UNIVERSITY AVE APT 2128 in Westwood, Norfolk County, Massachusetts.

2. Given that the damages are UNDER $50,000.00 the proper Court is the DISTRICT Court WITH THE COMMONWEALTH OF MASSACHUSETTS AND NORFOLK COUNTY.

3. Because the plaintiff is a resident of the town of Westwood, and the damages were incurred in Norfolk County, the appropriate Court with jurisdiction over this matter is the NORFOLK COUNTY DISTRICT COURT AT DEDHAM, MA.

## PARTIES

4. The plaintiff Donald L Brown (hereinafter "Brown") is resident of 95 UNIVERSITY AVE APT 2128, Westwood, MA, 02090 IN THE County of Norfolk, within Massachusetts.

5.The defendant TRASNUNION, LLC ("TU") upon information and belief, is a duly organized corporation and is, engaged in the business of A CREDIT REPORTING AGENCY and is duly licensed within the Commonwealth of Massachusetts, doing business and having a usual place of business at 555 West Adams Street, Sixth Floor, Chicago, IL 60661.

7.Defendants John Does 1 thru 5, inclusive, are sued under fictitious names. When their true names and capacities are known, Plaintiff will promptly amend this complaint and add them as named Defendants. Plaintiff is informed and believes and therein alleges that each of these fictitiously named defendants is or was an employee, agent or servant of the defendant TRANSUNION, legally responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter set out in the complaint and that they, along with the Co-Defendant TRANSUNION jointly and severally proximately caused Plaintiff's damages.  At various times, John Does 1 thru 5, upon information and belief, were acting within the scope of their official duties as employees agents or servants of TRANSUNION.

8. Defendants Jane Does 6 thru 10, inclusive, are sued under fictitious names. When their true names and capacities are known, Plaintiff will promptly amend this complaint and add them as named Defendants. Plaintiff is informed and believes and therein alleges that each of these fictitiously named defendants is or was an employee, agent or servant of the defendant TRANSUNION, legally responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter set out in the complaint and that they, along with the Co-Defendant TRANSUNION, jointly and severally proximately caused Plaintiff's damages.  At various times, Jane Does 6 thru 10, upon information and belief, were acting within the scope of their official duties as employees agents or servants of TRANSUNION.

## GENERAL FACTS

9. One constant, since 1989, is the prominent place that the Dept of Education /Nelnet has played on Brown's credit reports.

10. Brown has, over the years, notified the three major credit reporting agencies, INCLUDING TRANSUNION, about these items placed on Brown's credit reports.

11. In fact, DURING THE PERIOD OF TIME SINCE THE 1990S UNTIL THE PRESENT TIME, Brown has asked the three credit reporting agencies, INCLUDING TRANSUNION, to take the STUDENT LOANS off Brown's credit reports, because they should have been discharged in bankruptcy in 1993 and again in 2007. (The student lenders didn't show up when it was a question if the loans should have discharged or not. That no show caused the Bankruptcy Court to discharge all of Brown's student loans).

12. Brown regularly ordered a "free" credit report from EQUIFAX, EXPERIAN and TRANSUNION TO check the status of his credit reports.

13. Over the past 15 plus years, Brown has asked three major credit reporting agencies, INCLUDING TRANSUNION, to delete the accounts referred to on exhibit A.

14. Each time the credit reporting agencies, INCLUDING TRANSUNION, say they are reporting correctly.

15. Each time they are wrong to keep the accounts on their closed accounts. (How is a consumers score affected by closed accounts – nobody knows.)

15A. Why are those accounts still on Brown's credit reports. How do they affect Brown's credit desires. Those accounts ARE thirty- seven years old.

16. Your company's actions, it could be argued, were unfair and deceptive acts as defined in Chapter 93A.

17. In light of the fact that Brown had relied on the statements of the three major credit reporting agencies, INCLUDING TRANSUNION, that the accounts were properly listed, Brown challenges that finding, and believes they should all be deleted.

18. YOUR COMPANY has committed a serious breach of contract in

addition to engaging in the aforementioned violations of the Consumer Protection Act.

19. All of this, too, appears to be a massive violation of the Consumer Protection Act pursuant to the Massachusetts Chapter 93a statute and the Federal Consumer Protection Act which has similar language.

### COUNT I
### BROWN V. ALL DEFENDANTS
### VIOLATION OF FEDERAL FAIR
### CREDIT REPORTING ACT (15 USC1681)

20. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

21. Defendant actions in reporting the plaintiff references to the plaintiffs alleged credit reliability and with negative and unfounded alerts to potential creditors, represents a gross violation of the Federal Fair Credit Reporting Act.

22. The defendant also knew or should have known that the plaintiff had raised his concerns that their spoken comments to potential creditors and credit reporting agencies would cause great harm to the plaintiff.

22A. As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

23.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest*

*and costs and anticipated attorneys' fees of this action.*

## COUNT II
## BROWN V. ALL DEFENDANTS
## VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT
## (CHAPTER 93 SECTION 54A)

*24.     The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

25. Defendant's actions in failing to remove INCIDENTS FROM PLAINTIFF'S CREDIT REPORT CAUSED MASSIVE HARM to the plaintiff's AND DEFENDANT'S CREDIT REPORTING represents a gross violation of the Massachusetts Fair Credit Reporting Act.

26.     The Defendant also knew or should have known that the plaintiff had raised his concerns that DEFENDANT'S not removing the alleged CREDIT REPORTING FROM ITS SITE would cause great harm to the plaintiff.

27.     As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

28.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT III
## BROWN V. ALL DEFENDANTS
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT (15 USC sec. 1692)

29.     Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

30.     Defendant continuously CONTSTRUCTIVELY dunned the plaintiff regarding an alleged overdue balance.

31.     Plaintiff had no balance, by the defendant's own admission.

32.     Such harassment as committed by defendant, agents, servants or employees, acting on behalf of the defendant as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692.

33.     As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

34.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

### COUNT IV
### BROWN V. ALL DEFENDANTS
### UNFAIR DEBT COLLECTION PRACTICES, (VIOLATION OF MASSACHUSETTS G.L. CHAPTER 93 SECTIONS 49)

35.     The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

36.     On or about JUNE 2024, the plaintiff entered into a CONSTRUCTIVE contract with agents, servants and/or employees

of the defendant, to provide credit REPORTS

35.The plaintiff performed his duties and responsibilities under the contract.

36. On or about JUNE 1, 2024, AND CONTINUOUSLY SINCE THAT TIME TO THE PRESENT the defendant reported the plaintiff's NEGATIVE ACCOUNTS ON ITS SITE, causing the plaintiff's credit score to be significantly lower and causing the plaintiff to either turned down for credit or having to pay a higher rate for credit.

37.The plaintiff has been injured by the defendant's wrongful behavior in using the credit reporting system, in effect, to collect a debt(s) which are no longer owed.

38.     This claim is regarding 2024 behavior by the defendant and has nothing to do with earlier claims or defenses.

39.     As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

40.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT V
## BROWN V. ALL DEFENDANTS
## NEGLIGENT MISREPRESENTATION

41.    *Plaintiff repeats and re-alleges and incorporates by reference each and every allegation contained above as if expressly re-written and set forth herein.*

42.    **Defendant often made oral and written statements in letters, text messages and voicemail messages to plaintiff which defendant(s) NEGLIGENTLY misrepresented the factual reality of PLAINTIFF.**

43.    **Additionally, Defendant regularly produced written or oral NEGLIGENT misrepresentations to plaintiff that compelled plaintiff to BE HELD IN A FALSE LIGHT.**

44.    **Plaintiff, to plaintiff's detriment, relied on the NEGLIGENT misrepresentations in a reasonable and justified manner, and the NEGLIGENT misrepresentations resulted in great harm to the plaintiff.**

45.    **Whether the defendant(s) knew the NEGLIGENT misrepresentation was not intended to be false, the NEGLIGENT misrepresentations need not be intentionally false to create liability to the plaintiff.**

46.    **The defendant(s) made the statements with conscious ignorance or a reckless disregard for the plaintiff and plaintiff's well-being, the NEGLIGENT misrepresentations need not be intentionally false to create defendant's liability for those NEGLIGENT misrepresentations.**

47.    **As a proximate result of defendant's wrongful acts of NEGLIGENT Misrepresentations the plaintiff has been humiliated, embarrassed, emotionally distressed.**

48.    **Plaintiff has been severely injured in both mind and body and has been unable to sleep after having false debts and obligations on plaintiff's credit report.**

49.    **Plaintiff's ability to enjoy life and have appropriate usual**

activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's acts of NEGLIGENT Misrepresentations.

50.     As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

51.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VI
## BROWN V. ALL DEFENDANTS
## FALSE OR MISLEADING REPRESENATIONS 15 U.S.C.A.1125(a)

52.     Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

53.     DEFENDANT's systemic practices rise to the level of false or misleading representations under the plain definition of those words and are highly likely to have misled the Plaintiff.

54.     Defendant has engaged in these systematic false and misleading representations not only to the Plaintiff, but to others, including the public.

55.     As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

56.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VII
## BROWN V. ALL DEFENDANTS
## FRAUD AND CONCEALMENT

57.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

58.    Defendant has continuously and consistently behaved in a fraudulent manner by concealing the details of the account information from the Plaintiff.

59.    Defendant has continuously and consistently behaved in a fraudulent manner by not revealing any of the alleged fraudulent behavior of the plaintiff that took place during the period from August 2014 to present.

60.    Defendant has continuously and consistently behaved in a fraudulent manner by not providing the documents requested by the Plaintiff that it knew or should have known would reveal the truth of the allegations that the plaintiff mis-behaved in some manner.

61.    Defendant has continuously and consistently behaved in a fraudulent manner by not providing any notices to the Plaintiff about his account until JUNE of 20243.

62.    Defendant knew or should have known that the Plaintiff was never given any notice of his accounts from until JUNE 2024, and then was given the balance only.

63.    As a result of Defendant's fraudulent concealment, Plaintiff has faced the constant reality of not even knowing what the defendant was doing with plaintiff's account.

64.    As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

65.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VIII
## BROWN V. ALL DEFENDANTS
## FALSE OR MISLEADING REPRESENATIONS
## MASSACHUSETTS G.L. SEC 13A

66.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

67.    Defendant's systemic practices rise to the level of false or misleading representations under the plain definition of those words and are highly likely to have misled the Plaintiff.

68.    Defendant has engaged in these systematic false and misleading representations not only to the Plaintiff, but to others, as well.

69.    Defendant's false and misleading representations to other people involved circumstance surrounding the plaintiff's account have inflicted vast damages upon the Plaintiff.

70.    Defendant knew that their behavior that they allege to support their interests in the plaintiff's account are fabricated and false, yet the Defendant continues to plaintiff's own financial benefit at the expense of the plaintiff, with complete disdain for the Local, State and Federal Court laws and complete disdain for the financial strain caused to the plaintiff.

71.    Defendant is obviously motivated by attempting to mitigate exposure to Plaintiff for failing to properly handle plaintiff's CREDIT REPORTS.

72.    Rather than satisfy its burden of proof to establish standing as a holder in interest, Defendant has determined that manufacturing evidence to accomplish its goals and chill opposition is a more cost-effective business practice.

73.    As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

74.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

## COUNT IX
## BROWN V. ALL DEFENDANTS
## INVASION OF PRIVACY

75. *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

76. **Defendant(s) has since JUNE, 2024 to the present, regularly invaded the Privacy of the Plaintiff.**

77. **Defendant(s) has regularly invaded the Privacy of the plaintiff by constantly publishing private and false facts about the plaintiff credit accounts.**

78. **Defendant has since JUNE, 2024 to the present, regularly invaded the Privacy of the plaintiff by putting the plaintiff in a false light – continuously and maliciously throughout the entire period of time that the plaintiff has been CLASSIFIED AS A "DEADBEAT".**

79. **As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.**

80. **Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.**

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT X
## BROWN V. ALL DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

82.    The defendant(s) engaged in a long and regular pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

83.    The defendant's ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

84.    The wrongdoing of the defendant(s) that went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and were so egregious that a reasonable and prudent human being such as the plaintiff, was unable to tolerate such conduct.

85.    The behavior of the defendant(s) was atrocious and beyond all bounds tolerated in a civilized society.

86.    The defendant's actions were clearly intentional and malicious and were done solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

87.    As a proximate result of defendant's intentional acts the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has been unable to sleep and has had his QUALITY OF LIFE severely interrupted.

88.    As a direct and proximate result of the Intentional Infliction of Emotional Distress of defendant(s), plaintiff was caused to sustain severe and permanent personal injuries, was unable to sleep and has had his QUALITY OF LIFE WAS severely interrupted.

89.    Plaintiff's ability to enjoy life and to attend to plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Intentional Infliction of Emotional Distress.

90.     As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

91.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XI
## BROWN V. ALL DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

*92.     Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

93.     Defendant(s) knew, or should have known, that defendant's failure to exercise due care in the performance of the acts described in the above paragraphs would cause plaintiff severe emotional distress.

94.     The defendant(s) engaged in a long and regular pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

95.     The defendant's ongoing negligent behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

96.     The negligent behavior of the defendant(s) was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a

reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

97. The negligent behavior of the defendant(s) was atrocious and beyond all bounds tolerated in a civilized society.

98. The defendant's actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

99. As a proximate result of defendant's acts of Negligent Infliction of Emotional Distress, the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has been unable to sleep and has had his QUALITY OF LIFE severely interrupted.

100. As a direct and proximate result of the of defendant's acts of Negligent Infliction of Emotional Distress, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a ludicrous mental anguish and has been unable to sleep and has had his QUALITY OF LIFE severely interrupted.

101. Plaintiff's ability to enjoy life and survive and to attend to plaintiff's usual activities and ability to provide plaintiff with adequate home life has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Intentional Infliction of Emotional Distress.

102. As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

103. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

**WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.**

### COUNT XII
### BROWN V. ALL DEFENDANTS
### DEFAMATION

**104.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.**

**105.    The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.**

**106.    Defendant through its agents, employees and/or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.**

**107.    DEFENDANT, or its agents, employees and/or servants have made statements in writing to other residents about the plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, and defamed the plaintiff.**

**108.    All those acts by the agents, servants and/or employees of DEFENDANTS, were done with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.**

**109.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.**

**110.    Defendant through its agents, employees and/or servants has committed scores of acts of oral defamation, in which their agents, employees and/or servants told many residents untruths regarding the plaintiff and said untruths damaged the**

reputation of the plaintiff and caused the plaintiff great suffering.

111.    Defendants have made, through its agents, employees and/or servants, scores of false and demeaning statements to current, past, and potential corporations and lenders about plaintiff. Those statements were and are untrue and attacked the plaintiff's character and defamed the plaintiff.

112.    All those statements were made by the defendant through its policies, procedures, agents, employees and/or servants, with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

113.    As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

114.    Under the legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

### COUNT XIII
### BROWN V. ALL DEFENDANTS
### LIBEL

115.    The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

116.    Defendant, through its agents, employees and/or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.

117.    DEFENDANT, or its agents, employees and/or servants have made statements in writing about plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, and defamed the plaintiff.

118.    All those acts by the agents, servants and/or employees of DEFENDANTS, were done with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

119.    As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

120.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XIV
## BROWN V. ALL DEFENDANTS
### Slander

121.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

122.    Defendant has committed scores of acts of oral defamation, in which their agents, employees or servants told scores of people untruths about the plaintiff and said untruths did damage the reputation of the plaintiff and caused the plaintiff great suffering.

123.    Defendant has made scores of false and demeaning oral

statements to scores of people about the plaintiff. Those statements were and are untrue and attacked the plaintiff's character, defamed the plaintiff, and allegedly accused plaintiff of criminal behavior.

124.    All those oral statements were done by the defendant with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

125.    As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

126.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XV
## BROWN V. ALL DEFENDANTS
## NEGLIGENT HIRING

*127.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

128.    Defendant(S) had a duty to use reasonable care to select agents, servants or employees who were competent and fit to perform the duties required as an agent, servant or employee of Defendant(S).

129.    Defendant(S) owed such duty to plaintiff and such duty was breached.

130.    Defendant knew, or should have known, that some of its agents, servants or employees would be likely to be callous and incompetent in a reckless manner, that would harm people situated like plaintiff.

131.    Defendant(S) knew, or should have known, that some of its agents, servants or employees were not competent or fit for the duties required of them as an agent, servant or employee of Defendant(s).

132.    Defendant(s) breached their duty to use reasonable care to select and retain employees that were competent and fit for the duties of their assigned position.

133.    As a result of Defendant's recklessness and negligence in hiring and retaining many of their agents, servants or employees, plaintiff was injured as alleged.

134.    As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

135.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

**COUNT XVI**
**BROWN V. ALL DEFENDANTS**
**NEGLIGENT FAILURE TO PROVIDE ADEQUATE TRAINING**

*136.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if*

*expressly re-written and set forth herein.*

137.   The DEFENDANT(S) various agencies failed to properly train its employees. That failure to adequately train its EMPLOYEES amounts to deliberate indifference to THEIR AGENT'S, SERVANT'S OR EMPLOYEES' need for such training.

138.   The DEFENDANT'S failure to train has resulted in AGENTS, SERVANTS OR employees making wrong decisions in their interactions with the plaintiff.

139.   Upon information and belief supervisory level employees within the DEFENDANT(S) participated directly in causing plaintiff's INJURIES.

140.   Defendant(S) knew, or should have known, because of lack of adequate training programs, that some of its agents, servants or employees were thus not competent or fit for the duties required of them as an agent, servant or employee of Defendant(S).

141.   Defendant(s) breached their duty to use reasonable care to adequately train agents, servants or employees so that they would perform in a competent manner, and would be fit for the duties of their assigned position.

142.   As a result of defendant's failure to adequately train many of their agents, servants or employees, plaintiff was injured as alleged above and throughout.

143.   As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

144.   Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that*

*will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XVII
## BROWN V. ALL DEFENDANTS
## NEGLIGENT FAILURE TO
## PROVIDE ADEQUATE SUPERVISION

**145.** *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

**146.** Defendant(s) knew, or should have known, because of lack of adequate supervision, that some of its agents, servants or employees were thus not competent or fit for the duties required of them as an agent, servant or employee of Defendant(S).

**147.** Defendant(s) breached their duty to use reasonable care to adequately supervise agents, servants or employees so that they would perform in a competent manner, and would be fit for the duties of their assigned position.

**148.** As a result of defendant's lack of supervision of many of their agents, servants or employees, plaintiff was injured as alleged.

**149.** As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

**150.** Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that*

*will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XVIII
## BROWN V. ALL DEFENDANTS
## TORTIOUS INTERFERENCE WITH
## ADVANTAGEOUS RELATIONSHIP

151.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

152.    There was in existence a contractual relationship between the Plaintiff and a third party (PLAINTIFF'S CREDITORS.)

153.    The defendant harmed the plaintiff by interfering with that contractual relationship by making false statements to the third party.

154.    The absence of the privilege or justification on the part of the defendant makes the interference tortuous behavior.

155.    Actual damage resulted to the plaintiff as a consequence of the defendant's conduct.

156.    As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

157.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XIX
## BROWN V. ALL DEFENDANTS
## VIOLATION OF MASS GEN LAWS CH 93A

*158.    The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

159.    At all times relevant hereto, Defendant was engaged in trade or commerce within the meaning of Massachusetts statutes.

160.    At all times relevant hereto, Plaintiff was also engaged as a consumer within the meaning of Massachusetts statutes.

161.    As both parties at all times relevant hereto, were engaged in trade or commerce within the meaning of Massachusetts statutes, this is a consumer transaction covered under the Massachusetts Consumer Protection Act.

162.    Defendant's behavior represents unconscionable behavior, said behavior which shocks the conscience and are considered unfair and deceptive business practices. It is settled law in Massachusetts and under Federal Law that unfair and deceptive business practices bring with it higher levels of punishment.

163.    The defendant has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers, like the plaintiff, from the wrongful behaviors complained of above.

164.    As a direct and proximate result of the of defendant's Violation of the Massachusetts Consumer Protection Act, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a credit inquiry on plaintiff's credit report which effectively diminish his credit score and subsequently led a higher cost of credit all due to the acts in Violation of the Massachusetts Consumer Protection Act.

165.    As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant the plaintiff has suffered damages.

166.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## PRAYER

A. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the VIOLATIONS OF THE M FEDERAL FAIR CREDIT REPORTING ACT committed by the defendants, JOINTLY AND SEVERALLY, in Count I, and the harm resulting to plaintiff from said

B. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the VIOLATIONS OF THE MASSACHUSETTS FAIR CREDIT REPORTING STATES committed by the defendants, JOINTLY AND SEVERALLY, in Count II, and the harm resulting to plaintiff from said VIOLATIONS.

C. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT committed by the defendants, JOINTLY AND SEVERALLY, in Count III, and the harm resulting to plaintiff from said VIOLATIONS.

D. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the

VIOLATIONS OF THE MASSACHUSETTS FAIR DEBT COLLECTION
PRACTICES STATRANSUNIONTES committed by the defendants,
JOINTLY AND SEVERALLY, in Count IV, and the harm resulting to
plaintiff from said VIOLATIONS.

E. That this Honorable Court order Payment of TWENTY-FIVE
HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALY, as
compensation for the NEGLIGENT MISREPRESENTATIONS
committed by the defendants, in Count V and the harm resulting to
plaintiff from said NEGLIGENT MISREPRESENTATIONS.

F. That this Honorable Court order Payment of TWENTY-FIVE
HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as
compensation for THE FALSE AND MISLEADING
REPRESENTATIONS committed by the defendant in Count VI and
the harm resulting to plaintiff from said ACTS.

G. That this Honorable Court order Payment of TWENTY-FIVE
HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as
compensation for THE FRAUD AND CONCEALMENT committed by
the defendant in Count VII and the harm resulting to plaintiff from
said ACTS.

H. That this Honorable Court order Payment of TWENTY-FIVE
HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as
compensation for the FALSE AND MISLEADING REPRESENTIONS
committed by the defendant in Count VIII, and the harm resulting to
plaintiff from said ACTS.

I. That this Honorable Court order Payment of TWENTY-FIVE
HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as
compensation for the INVASION OF PRIVACY committed by the
defendant in Count IX, and the harm resulting to plaintiff from said
ACTS.

J. That this Honorable Court order Payment of TWENTY-FIVE
HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as
compensation for the INTENTIONAL INFLICTION OF EMOTIONAL

DISTRISS committed by the defendant in Count X and the harm resulting to plaintiff from said INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

K. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY as compensation for the additional NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS committed by the defendant in Count XI and the harm resulting to plaintiff from said NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

L. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the DEFAMATION committed by the defendant in Count XII and the harm resulting to plaintiff from said ACTS.

M. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the LIBEL committed by the defendant in Count XIII and the harm resulting to plaintiff from said ACTS.

N. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the SLANDER committed by the defendant in Count XIV and the harm resulting to plaintiff from said ACTS.

O. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for NEGLIGENT HIRING by the defendant(S), in Count XV and the harm resulting to plaintiff from said NEGLIGENT HIRING.

P. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the NEGLIGENT FAILURE TO PROVIDE ADEQUATE TRAINING committed by the defendant(S), in Count XVI and the harm resulting to plaintiff from said NEGLIGENT FAILURE TO PROVIDE ADEQQUATE TRAINING.

**Q.** That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the NEGLIGENT FAILURE TO PROVIDE ADEQUATE SUPERVISION committed by the defendants, in Count XVII and the harm resulting to plaintiff from said NEGLIGENT FAILURE TO PROVIDE ADEQUATE SUPERVISION.

**R.** That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP committed by the defendants, in Count XVIII and the harm resulting to plaintiff from said NEGLIGENT FAILURE

**S.** That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the violation of the Massachusetts Consumer Protection Act committed by the defendant in Count XIX and the harm resulting to plaintiff from said acts which violated the Massachusetts Consumer Protection Act.  And, the total damages of $45,000.00 be tripled under that act because the defendant's acts were malicious and designed to punish a consumer for no appropriate reason.

### THE PLAINTIFF REQUESTS A TRIAL BE JURY

The Plaintiff
Pro Se

DONALD L BROWN
95 UNIVERSITY AVE APT 2128
WESTWOOD, MA 02090
donaldloringbrown@gmail.com
781 708 9654

Dated: NOVEMBER 8, 2024