United States District Court
District of Massachusetts

```
                                  )
DONALD L. BROWN,                  )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   Civil Action No.
                                  )   24-13020-NMG
TRANS UNION LLC,                  )
                                  )
            Defendant.            )
                                  )
```

MEMORANDUM & ORDER

GORTON, J.

This case arises from a dispute over the accuracy of credit reports produced by defendant, Trans Union LLC ("Trans Union" or "defendant") for the accounts of pro se plaintiff, Donald L. Brown ("Brown" or "plaintiff"). This is the second suit plaintiff has brought against defendant for nearly duplicative claims within the past year.

Now pending before this Court is the motion of defendant to dismiss for failure to state a claim (Docket No. 7). For the reasons that follow, the motion will be allowed and the case dismissed with prejudice.

I.    **Background**

According to the complaint, Brown has, for the past 15 years, regularly submitted requests to all three major credit

-1-

agencies, including Trans Union, to remove certain student loans

from his credit reports.  Plaintiff explains that the loans

> should have been discharged in bankruptcy in 1993 and again
> in 2007.  The student lenders didn't show up when it was a
> question if the loans should be discharged or not.  That no
> show caused the Bankruptcy Court to discharge all of
> Brown's student loans.

Brown brings 19 statutory and common-law claims against

Trans Union.  He asserts violations of the Fair Credit Reporting

Act, 15 U.S.C. § 1681 et seq. ("FCRA") (Count I), the

Massachusetts Consumer Credit Reporting Act, M.G.L. c.93, § 54A

("MCCRA") (Count II), the Fair Debt Collection Practices Act, 15

U.S.C. § 1962 ("FDCPA") (Count III), M.G.L. c.93 § 49 (Count

IV), the Lanham Act, 15 U.S.C § 1125(a) (Count VI) and the

Massachusetts Consumer Protection Act, M.G.L. c.93A ("Chapter

93A") (Counts VIII and XIX).

He also asserts common-law claims for "Negligent

Misrepresentation" (Count V), "Fraud and Concealment" (Count

VII), "Invasion of Privacy" (Count IX), "Intentional Infliction

of Emotional Distress" (Count X), "Negligent Infliction of

Emotional Distress" (Count XI), "Defamation" (Count XII),

"Libel" (Count XIII), "Slander" (Count XIV), "Negligent Hiring"

(Count XV), "Negligent Failure to Provide Adequate Training"

(Count XVI), "Negligent Failure to Provide Adequate Supervision"

(Count XVII) and "Tortious Interference with Advantageous

Relationship" (Count XVIII).

This is not Brown's first attempt to assert such claims against Trans Union.  In May, 2024, Brown brought a similar suit in the Massachusetts Superior Court for Norfolk County, which Trans Union timely removed to this Court. Brown v. Transunion Holdings, Inc., No. 24-cv-11292-NMG (D. Mass. May 15, 2024) (hereinafter "Brown I").  He has also filed nearly identical actions against the other major credit reporting companies within the past year.[1] Brown v. Equifax Inc., No. 24-cv-11331-LTS (D. Mass. May 20, 2024) (hereinafter "Brown II"), Brown v. Experian Solutions Inc., No. 24-cv-12253-NMG (D. Mass. Aug. 30, 2024) (hereinafter "Brown III"), Brown v. Equifax Inc., No. 24-cv-13049-LTS (D. Mass. Dec. 10, 2024) (hereinafter "Brown IV"). In those complaints, Brown claimed that Trans Union and other credit reporting agencies "punished" him by "arbitrarily" lowering his credit score after he contracted COVID-19 and fell behind on his credit card payments.  He asserted the same statutory and common-law claims against the credit reporting agencies as he does in the instant complaint.

---

[1] Brown has filed similar suits against banks regarding their credit reporting practices, see, e.g., Brown v. Penn Fed. Credit Union, No. 24-cv-12276-ADB (D. Mass. Sept. 4, 2024), Brown v. JPMorgan Chase & Co., No. 24-cv-11571-FDS (D. Mass. June 18, 2024), Brown v. Citibank, N.A., 24-cv-13084-AK (D. Mass. Dec. 13, 2024), and perhaps not by coincidence, a plaintiff named Vincent Vaiano, who has the same mailing address as Brown, has filed identical claims against Trans Union, Equifax and Experian, all within the past year. Vaiano v. Trans Union LLC, No. 24-cv-11294-MJJ (D. Mass. May 15, 2024) (hereinafter "Vaiano I"); Vaiano v. Equifax Inc., No. 24-cv-11332-AK (D. Mass. May 20, 2024) (hereinafter "Vaiano II"); Vaiano v. Experian Info. Solutions Inc., No. 24-cv-12245-JEK (D. Mass. Aug. 30, 2024) (hereinafter "Vaiano III").

This Court referred Trans Union's motion to dismiss in
Brown I to U.S. Magistrate Judge M. Page Kelley for a Report and
Recommendation ("R&R").  Before Magistrate Judge Kelley issued
her R&R, however, Brown filed the instant complaint in the
Dedham District Court, alleging that Trans Union is "punishing"
him by persistently including previously discharged student
loans in his credit reports.  Trans Union, once again, timely
removed the case to this Court and moved to dismiss all claims
pursuant to Fed. R. Civ. P. 12(b)(6).

In January, 2025, Judge Kelley issued a Report and
Recommendation ("R&R") in which she recommended that this Court
dismiss all claims against Trans Union for failure to state a
claim upon which relief can be granted.  This Court summarily
accepted and adopted the R&R.

## II.  Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P.
12(b)(6), the subject pleading must state a claim for relief
that is actionable as a matter of law and "plausible on its
face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is
facially plausible if, after accepting as true all non-
conclusory factual allegations, the "court [can] draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640

-4-

F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678). The reviewing court "may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if "actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12 (quoting Twombly, 550 U.S. at 556). Rather, the necessary "inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13. The assessment is holistic:

> [T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernandez, 640 F.3d at 14).

## III. Application

Although this Court will (briefly) address each claim seriatim, it is important to stress that the complaint, in its entirety, is devoid of the factual content necessary to pass beyond the conceivable to the plausible. Twombly, 550 U.S. at

570.  The Federal Rules of Civil Procedure do not set a high hurdle for complaints to clear but factual allegations that are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture" render a complaint vulnerable to dismissal. Rodriguez-Reyes, 711 F.3d at 53, 56. The instant complaint is comprised, almost entirely, of "conclusory allegations that merely parrot the relevant legal standard." Young v. Wells Fargo, N.A., 717 F.3d 224, 231 (1st Cir. 2013).

It is true that a federal court must give a pro se plaintiff latitude when construing his pleadings. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). But latitude is not a blank check. Pro se plaintiffs must still "plead basic facts sufficient to state a claim," Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980), and "in such a manner that would permit the defendant a meaningful opportunity to file a response," Ateek v. Massachusetts, No. 11-cv-11566-DPW, 2011 WL 4529393, at *3 (D. Mass. Sept. 27, 2011).

Moreover, the facts of this case indicate that Brown is not entitled to the leeway granted to a typical pro se plaintiff. Brown was, at least at one time, a licensed attorney.[2] See Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001) (explaining

---

[2] As Judge Kelley noted in her R&R, however, public records indicate that Brown's license to practice law is suspended. Brown I, Dkt. No. 19, at 4 n.4.

that the grace given to typical <u>pro</u> <u>se</u> plaintiffs is not
warranted when the plaintiff is, himself, an attorney).
Moreover, Brown has had numerous opportunities to perfect his
allegations in his prior suits against Trans Union, Experian and
Equifax in the past year alone (not to mention those brought
against dozens of banks for similar claims relating to his
credit score). See <u>Brown I</u>, <u>Brown II</u>, <u>Brown III</u>.

### A. Statutory Claims

#### i. Counts I and II: Fair Credit Reporting

Count I, alleging violations of the FCRA, is time-barred.
The statute of limitations requires a plaintiff to bring an
action

> not later than the earlier of . . . 2 years after the date
> of discovery by the plaintiff of the violation; or [] 5
> years after the date on which the violation that is the
> basis for such liability occurs.

15 U.S.C. § 1681p. Brown claims that his accounts "should have
been discharged in bankruptcy in 1993 and again in 2007" and
that he has been disputing the reporting of his student loans
since the 1990s. As such, he is decades late filing suit.

Count II is deficient because the MCCRA provision to which
Brown refers is not applicable to Trans Union. Section 54A
requires entities which "furnish[] information to a consumer
reporting agency" to ensure that the information provided is
"accurate and complete." Trans Union is, itself, a credit

reporting agency, not an entity which provides information to credit reporting agencies. See Vaiano III, 2025 WL 2323521, at *4.

### ii. Counts III and IV: Fair Debt Collection Practices

Counts III and IV, alleging violations of the FDCPA and the state equivalent, M.G.L. c.93 § 49, fail because Trans Union is not a "debt collector" as defined under the statutes. See Brown I, 2025 WL 491714, at *6 (collecting cases); Vaiano II, 2025 WL 641374, at *3 (same). Section 49, moreover, does not provide a private right of action. Vaiano III, 2025 WL 2323521, at *5 (citing DeCotis v. Specialized Loan Servicing LLC, 642 F. Supp. 3d 181, 189 (D. Mass. 2022)).

### iii. Count VI and VIII: Lanham Act

Count VI, asserting violation of the Lanham Act, 15 U.S.C. § 1125(a), is not supported by factual allegations sufficient to state a claim under the statute.  The first element of a claim under §1125 is that the defendant made false or misleading representations "in a commercial advertisement about his own or another's product." Riverdale Mills Corp. v. Cavatora N. Am., Inc., 146 F. Supp. 3d 356, 361 (D. Mass. 2015).  The allegations in this case have nothing to do with commercial advertisements. The representations at issue concern plaintiff's creditworthiness, not a "product" of either party.  Those

representations, moreover, are contained within Trans Union's private credit reports, not in any commercial advertisement.

Count VIII alleges violations under the "state equivalent" of the Lanham Act, which plaintiff identifies as "Mass. Gen. L. 13A." Other sessions of this Court have previously interpreted this claim generously as asserting a claim under M.G.L. c. 93A § 2. See, e.g., Vaiano II, 2025 WL 641374, at *5. This session, is not, however, inclined to "conjure up unpled allegations" in favor of plaintiff. McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979).

### iv. Count XIX: Chapter 93A

Count XIX, alleging unfair and deceptive practices under Chapter 93A, is inoperative because plaintiff does not establish the first element of a Chapter 93A claim, namely, that the defendant "engaged in an unfair or deceptive act or practice." Anoush Cab, Inc. v. Uber Techs., Inc., 8 F.4th 1, 16 (1st Cir. 2021) (citing Auto Flat Car Crushers, Inc. v. Hanover Ins. Co., 17 N.E.3d 1066, 1074-75 (Mass. 2014)). Brown does not articulate any specific method, act or practice that Trans Union allegedly committed but instead makes the rambling assertion that Trans Union engaged in

> unconscionable behavior . . . which shocks the conscience and are[sic] considered unfair and deceptive business practices. . . . [by] willingly and maliciously[] and continuously behave[ing] in a way which represents

significant violations of the Massachusetts Consumer Protection statutes.

Such a vague description is not sufficient to put Trans Union on notice as to "the discrete acts [plaintiff] alleges were unfair or deceptive," Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 281 (1st Cir. 2013), nor does it establish how the acts had "an extortionate quality that gives [them] the rancid flavor of unfairness," Atkinson v. Rosenthal, 598 N.E.2d 666, 670 (Mass. App. Cit. 1992).

**B. Common-Law Claims**

**i. FCRA Preemption**

Trans Union avers that many of Brown's tort claims are precluded by the preemption clause in the FCRA, which reads, in relevant part,

> No consumer may bring an action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

Plaintiff attempts to sidestep preemption by simply adding allegations that Trans Union's actions were intentional, outrageous, extreme and/or malicious.

That strategy is more obviously deficient when plaintiff alleges such facts to support claims grounded in negligence,

-10-

such as negligent infliction of emotion distress.  Moreover,
such conclusory allegations do not satisfy the Rule 12(b)(6)
standard.  See James v. GMAC Mortg. LLC, 772 F. Supp. 2d 307, 324
(D. Me. 2018) ("Merely characterizing [] actions and failures to
act as 'outrageous' does not make them so.").  Brown has not
pled any specific facts to indicate willfulness or malice on the
part of Trans Union employees.  As such, the Court will allow
defendant's motion to dismiss Counts V (negligent
misrepresentation), IX (invasion of privacy), X (intentional
infliction of emotional distress), XI (negligent infliction of
emotional distress), XII (defamation), XIII (libel) and XIV
(slander).

### ii. Count VII: Fraud and Concealment

Count VII alleges "fraud and concealment," which requires a
plaintiff to prove the following elements:

> [1] a false representation [2] of a matter of material fact
> [3] with knowledge of its falsity [4] for the purpose of
> inducing [action] thereon, and [5] that the plaintiff
> relied upon the representation as true and acted upon it to
> his [or her] damage.

Balles v. Babcock Power Inc., 70 N.E.3d 905, 913 (Mass. 2017)
(quoting Danca v. Taunton Sav. Bank, 429 N.E.2d 1129, 1133
(1982)).  In some cases, "nondisclosure may amount to fraud if a
party is under a duty to the other [party] to exercise
reasonable care to disclose the matter in question." Rood v.

Newberg, 718 N.E.2d 886, 893 (Mass. App. Ct. 1999) (quotation marks omitted).

Brown's allegations are identical to those asserted by Vaiano in other cited cases and, for the same reasons, are too vague to state claims of fraud. See Vaiano III, 2025 WL 2323521, at *8. Count VII will therefore be dismissed.

### iii. Counts XV, XVI and XVII: Negligent Hiring, Training and Supervision

Plaintiff next asserts claims of negligent hiring (Count XV), negligent failure to provide adequate training (Count XVI), negligent failure to provide adequate supervision (Count XVII).

Brown supports his claims of negligent hiring, training and supervision with vague and conclusory statements that

> [Trans Union's] agents, employees or servants told scores of people untruths about the plaintiff . . . [which] attacked the plaintiff's character, defamed the plaintiff and allegedly accused plaintiff of criminal behavior.

That allegation is not well pled here for the same reason it was insufficient in Brown I. In any event, the complaint does not allege, in any way, that Trans Union management "knew or should have known about the unfitness of the employees who allegedly injured him," Vaiano III, 2025 WL 2323521, at *7, as is required under all three causes of action, see Foster v. The Loft, Inc., 526 N.E.2d 1309, 1310-11 (Mass. App. Ct. 1988); Helfman v. Ne. Univ., 149 N.E.3d 758, 775 (Mass. 2020).

### iv. Count VIII: Tortious Interference with an Advantageous Relationship

To assert a claim for tortious interference, a plaintiff must establish that

> (1) he had an advantageous relationship with a third party (e.g., a present or prospective contract or employment relationship); (2) the defendant knowingly induced a breaking of the relationship; (3) the defendant's interference with the relationship, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions.

Tenants' Dev. Corp. v. AMTAX Holdings, 227, LLC, 248 N.E.3d 647, 662 (Mass. 2025) (quoting Blackstone v. Cashman, 860 N.E.2d 7, 12-13 (Mass. 2007)).

Here, plaintiff alleges that the third parties in question are his creditors, with whom his relationships were harmed by Trans Union's "false statements." He does not specify what kind of "actual damage" resulted as a consequence. Such a threadbare recitation of the elements of the claim is not sufficient to survive a motion to dismiss. As such, Count XVIII will be dismissed.

**ORDER**

For the reasons set forth above, defendant's motion to dismiss (Docket No. 7) is **ALLOWED** and all claims are **DISMISSED** with prejudice.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated:  September 5 , 2025